UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LITTLE BOY PROPERTIES, LLC,

      Plaintiff,

      v.                          Case Number 2:25-cv-882
                                     JUDGE EDMUND A. SARGUS, JR.
FOREMOST INSURANCE COMPANY     Magistrate Judge Kimberly A. Jolson
GRAND RAPIDS, MICHIGAN, *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Farmers Insurance Company's ("Farmers")

Motion to Dismiss. (ECF No. 4.) Plaintiff Little Boy Properties, LLC responded in opposition

(ECF No. 19) and Farmers replied in support (ECF No. 20). For the reasons set forth below, the

Court **GRANTS** Farmers' Motion to Dismiss and **DISMISSES without prejudice** the claims

asserted against Farmers. (ECF No. 4.)

## BACKGROUND

### I.     Factual Background

As alleged in the Complaint, Plaintiff owns real property and improvements at 1247 E.

24th Avenue, Columbus, Ohio ("Property") and obtained an insurance policy for the Property

from Defendants Farmers and Foremost Insurance Company Grand Rapids, Michigan

("Foremost" and collectively, "Defendants"). (ECF No. 2, ¶¶ 7–8.) The insurance policy was in

effect from September 2, 2020, to September 2, 2021, and provided coverage for fire loss. (*Id.*

¶ 8.)

On or around July 2, 2021, a fire damaged the Property and Plaintiff alleges that this

damage amounts to a total loss. (*Id.* ¶ 9.) Plaintiff submitted an insurance claim to Defendants for

the damage. (*Id.* ¶ 10.) Plaintiff alleges that Defendants acknowledged the insurance claim and inspected the Property, and the adjuster confirmed that the damage constituted a total loss. (*Id.* ¶¶ 11–12.) Defendants, however, did not issue any payment under the insurance policy. (*Id.* ¶ 13.) Plaintiff alleges that, due to Defendants' denial of its insurance claim, it was "compelled to sell the [P]roperty on or about January 1, 2024, at a significantly reduced price to avoid accumulating city code violations and a pending enforcement lawsuit filed by the City of Columbus in the Franklin County Environmental Court." (*Id.* ¶ 15.)

## II.      Procedural Background

In June 2025, Plaintiff sued Defendants in the Franklin County Court of Common Pleas. (ECF No. 1, PageID 1, 5–9.) Plaintiff asserted state-law claims for breach of contract, bad faith, and declaratory judgment against Defendants arising out of the insurance claim it filed following the fire damage to its Property. (*Id.* PageID 5–9.) In August 2025, Defendants removed the lawsuit to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a). (*Id.* PageID 1–3.)

On the same day that Defendants removed this action, Farmers filed a Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim on which relief can be granted against it. (ECF No. 4.) Plaintiff failed to timely respond to Farmers' Motion to Dismiss, so the Court ordered Plaintiff to respond and warned that failure to do so would result in the Court considering the motion as unopposed. (ECF No. 17.) Thereafter, Plaintiff filed a response in opposition (ECF No. 19) and Farmers filed a reply in support (ECF No. 20). Farmers' Motion to Dismiss is now ripe for review.

### LEGAL STANDARD

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a), which requires a pleading to contain a "short and plain

2

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

In its Motion to Dismiss, Farmers argues that the Court should dismiss all claims asserted against it because Foremost issued the relevant insurance policy to Plaintiff—not Farmers—and Farmers is not a legal entity capable of being sued.[1] (ECF No. 4.) In response, Plaintiff argues that it plausibly alleged that Farmers acted as an apparent agent or direct participant in the administration of its insurance claim, so the Motion should be denied. (ECF No. 19.)

As an initial matter, the Court finds that Plaintiff's "direct participation" argument is undeveloped and, as such, unpersuasive. Plaintiff includes one inaccurate case citation in support of this argument, and the Court declines to develop this argument for Plaintiff. *See, e.g.*, *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed

---

[1] Farmers does not provide further details on this point or explain why it cannot be sued. As discussed below, Farmers' argument that it is not a party to the insurance contract is dispositive here, so the Court does not address Farmers' point that it is not capable of being sued.

waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Therefore, the Court turns to Plaintiff's argument that Farmers should be held liable under principles of agency.

With respect to Plaintiff's breach of contract claim, a non-party to a contract typically cannot be held liable for its breach under Ohio law. *Duff v. Centene Corp.*, 565 F. Supp. 3d 1004, 1018 (S.D. Ohio 2021) (Cole, J.). However, a few exceptions exist. *Id.* For example, a non-party parent company may be liable for a subsidiary's breach on an agency, alter ego, or veil-piercing theory. *Id.* Whether those exceptions apply is relevant to Plaintiff's bad faith and declaratory judgment claims, as well, because if Plaintiff's breach of contract claim fails due to lack of privity, so too will its other claims. *See, e.g.*, *Ohio Valley Physicians, Inc. v. Scottsdale Ins. Co.*, No. 1:20-cv-453, 2020 WL 6220062, at *6–7 (S.D. Ohio Sep. 28, 2020) (Litkovitz, M.J.), *report and recommendation adopted*, 2020 WL 6204464 (S.D. Ohio Oct. 22, 2020) (Dlott, J.); *World Shipping, Inc. v. RMTS, LLC*, No. 1:12 CV 3036, 2013 WL 774503, at *4 (N.D. Ohio Feb. 22, 2013).

A complaint relying on an agency theory of liability "must plead facts which, if proved, could establish the existence of an agency relationship." *McWilliams v. S.E., Inc.*, 581 F. Supp. 2d 885, 893 (N.D. Ohio 2008) (quoting *Bird v. Delacruz*, No. 04-CV-661, 2005 WL 1625303, at *4 (S.D. Ohio July 6, 2005) (Frost, J.)). While the existence and extent of the agency relationship is a question of fact, the plaintiff still must "sufficiently allege that an agency relationship existed in order to survive a Rule 12(b)(6) motion to dismiss." *Id.* (quoting *Bird*, 2005 WL 1625303, at *4). Merely pleading the legal conclusion of agency is insufficient. *Id.* Under Ohio law, the "primary distinguishing characteristic of an agency relationship is the right of the principal to

4

control the conduct of the agent when the agent is performing work on behalf of the principal." *Costell v. Toledo Hosp.*, 649 N.E.2d 35, 39 (Ohio Ct. App. 6th Dist. 1994).

Here, the insurance policy attached to Plaintiff's Complaint identifies Foremost as the issuing company.[2] (ECF No. 2, PageID 64–75.) Farmers argues that it could not have committed a breach of contract or acted in bad faith because it is not a party to the insurance policy. (ECF No. 4, PageID 104.) Plaintiff acknowledges that the insurance policy was issued by Foremost, but argues that the subsequent claims administration was conducted almost exclusively by Farmers, so Farmers is liable for acting with apparent authority. (ECF No. 19.)

The Court finds that Plaintiff's Complaint does not provide sufficient allegations to support a principal-agent relationship between Foremost and Farmers. In fact, Plaintiff does include any allegations related to agency or a connection between Foremost and Farmers. In its response to Farmers' Motion to Dismiss, Plaintiff states that the insurance adjuster represented himself as a Farmers agent, issued correspondence on Farmers letterhead, and communicated from an email address ending in "@farmersinsurance.com." (ECF No. 19, PageID 232–33.) But Plaintiff does not allege these facts in its Complaint. The allegations in the Complaint, even when taken in the light most favorable to Plaintiff, do not establish a principal-agent relationship between Foremost and Farmers. Thus, the Court **GRANTS** Farmers' Motion to Dismiss.

At the end of its response to Farmers' Motion to Dismiss, Plaintiff states: "Alternatively, Plaintiff respectfully requests leave to amend the Complaint to clarify the relationship between

---

[2] Since this insurance policy is attached to Plaintiff's Complaint and central to Plaintiff's claims, the Court may consider it when addressing Farmers' Motion to Dismiss. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

the Defendants." (ECF No. 19, PageID 235.) Plaintiff does not elaborate on or provide further support for this request. As the Sixth Circuit has explained:

> [A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion within the contemplation of [Federal Rule of Civil Procedure] 15(a). A request for leave to amend "almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend."

*La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (citing *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004); quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)). Therefore, the Court declines to grant Plaintiff leave to amend its Complaint at this time. Should Plaintiff wish to amend its Complaint, it must file a proper motion for leave to do so in accordance with the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** (ECF No. 4) Defendant Farmers Insurance Company's Motion to Dismiss. Plaintiff's claims against Defendant Farmers Insurance Company are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate Defendant Farmers Insurance Company from this case.

This case remains open.

**IT IS SO ORDERED.**

2/20/2026                                                 s/Edmund A. Sargus, Jr.
DATE                                                       EDMUND A. SARGUS, JR.
                                                                UNITED STATES DISTRICT JUDGE

6